## SHOEMAKER et v STANDARD OIL CO

Ohio Appeals, 1st Dist, Butler Co

Decided Nov 10, 1937

C. W. Elliott, Middletown, for appellants.

Holliday, Grossman & McAfee, Cleveland, and Williams, Sohngen, Fitten & Pierce, Hamilton, for appellee.

## OPINION

By ROSS, PJ.

Appeals on questions of law from the Common Pleas Court of Butler County, Ohio.

A motion for a new trial was filed by the plaintiffs and granted. No bill of exceptions is presented. Our consideration of the matter is, therefore, limited to the pleadings.

The plaintiffs filed a motion for judgment notwithstanding the verdict. It is the failure of the court to grant his motion that is now assigned as error by the plaintiffs. The contention of the plaintiffs

in support of this assignment is that the answer admitted the allegations of the petition, and that, therefore, no defense was stated.

The defendant filed an appeal also. Its contention is that its motion for an instructed verdict should have been granted. No such motion appears either in the transcript of journal entries or the original papers. We are unable, therefore, to consider such motion as filed.

In passing upon and sustaining the motion of plaintiffs for a new trial, the court granted the motion for "error appearing in the record, prejudicial to plaintiffs."

The verdict of the jury could have been predicated upon failure of proof on the part of the plaintiff, sustaining proof as to the answer, or instructions of the court of such a nature as to require the verdict rendered.

If the contentions of the plaintiffs are correct, that the answer admits all the allegations of the petition, it is necessary still to consider whether or not the petition, giving it a most favorable construction, states a cause of action. As this latter consideration is decisive of the entire matter, we proceed to a determination of this particular consideration.

Does the petition state a cause of action?

It is therein alleged that the action is brought by the plaintiffs against the defendant, a self-insurer, as an appeal from a decision of the Industrial Commission adverse to their claim to an award for industrial compensation by reason of the death of an employee of the defendant.

The decedent, it is alleged, was employed by the defendant as an attendant at one of its several filling stations, which it described in detail. It is stated:

"The defendant had prior to the 12th day of April, 1931, established rules for the conduct of its employees at said filling station, including the said Grant Shoemaker, providing that such employees should place themselves in person at said gasoline pumps in a position adjacent to any automobile which might drive into said pumps, and be in said position when such automobile arrived at that point; and, further, perform any services or courtesies which might be requested of them by persons coming into such filling station, including the changing of money upon request of such persons; and the defendant enforced said rule by employing persons unknown to the filling station attendants to drive into said filling station from time to time to ascertain whether said rules were being complied with by such attendants and report any failure to comply therewith to the defendant."

The attendant was provided with a money changing device, which he was required to carry on his person, and was also furnished with a considerable amount of paper money, all for the facilitating of the business of the employer with its customers.

On the 12th day of April, 1931, a certain John Ohlinger, having became demented after having shot and killed his wife, and wounding himself, was conveyed into the filling station in a taxicab, and requested the decedent to change a bill. The decedent had taken the position by the pumps which he was required to take under the instructions from his employer. While engaged in making the change requested, which it is not alleged was in connection with any sale for his employer, the decedent was shot and killed by the insane Ohlinger.

It is further stated in the petition:

"Said Grant Shoemaker was brought to his death as hereinabove related during the course of his employment for the defendant, and by reason of said employment, and of the conditions, environments, and hazards thereof herein above related."

Did the decedent meet his death during the course of his employment and by reason thereof? We conclude he did not. This conclusion is sustained, we believe, by the decision in the case of **Highway Oil Co. v State ex Bricker, etc., 130 Oh St 175, 4 O.O. 101.** The first paragraph of the syllabus in that case is:

"1. To entitle an employee to an award of compensation under the Workmen's Compensation Act, it must appear that his injury was accidental and occurred not only in the course of, but resulted from or arose out of, the employment. A causal connection between the employment and the injury must be established."

In the Highway Oil Company case, the attendant at a gas station was killed by the accidental discharge of a firearm, which he had caused to be brought into the gas station at the request of a fellow employee and for his self protection, and without the knowledge or acquiescence of the employer. We can see very substan-

tial reasons why in the Highway Oil Company case there might have been at least a slight connection between the presence of the firearm and the employment of the attendant, in that it could be used for his protection in the discharge of his duties. In the case at bar, however, there was not the slightest connection, no matter how remote, between the incident which caused the death of the attendant and his employment. The killer was not even at this station for the purpose of transacting any business with the employer. He came in a taxicab and merely requested, as an accommodation, that the attendant change a bill for him.

Therefore, we conclude the petition stated no cause of action, the verdict of the jury was for the defendant and that the court should have rendered judgment in conformity to the verdict, and having failed to do so, we now render the judgment which the Common Pleas Court should have rendered in favor of the defendant.

HAMILTON and MATTHEWS, JJ, concur.